UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LORI CASWELL,**

    **Plaintiff,**

v.   Case #_____

**AETNA LIFE INSURANCE COMPANY**

    **Defendant.**

_____/

## COMPLAINT

The Plaintiff, LORI CASWELL, sues the Defendant, AETNA LIFE INSURANCE COMPANY (AETNA) and states:

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. AETNA is an insurance company headquartered in Connecticut, licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. CASWELL is a resident of Bartow, FL.

5. CASWELL is a former employee of American Medical Response, Inc., a business headquartered in Greenwood Village, CO, doing business in Florida.

6. CASEWELL was denied ERISA disability benefits while residing in this District.

7. Venue is proper in this District.

## Governing Plan

8. CASWELL is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

9. At all relevant times, CASWELL was a participant in an employee benefit plan (hereafter referred to as "the Plan"), sponsored by American Medical Response, Inc.

10. American Medical Response, Inc. funded its Plan by purchasing a group policy of insurance (Group # GP-86215-GI) issued by AETNA. A copy is attached hereto Exhibit "A" and is incorporated by reference.

## The Long Term Disability Claim

11. CASWELL is a former employee of American Medical Response, Inc.

12. CASWELL made a claim for Long Term Disability benefits under the Plan after she was forced to stop working due to a combination of restrictions and limitations resulting from numerous conditions including but not limited to: Multiple Sclerosis (M.S.) and severe migraines. She also suffers from dizziness, poor balance, visual disturbances, and extreme fatigue.

CASWELL has cognitive issues that affect her short term memory and her ability to concentrate.

13. CASWELL made a claim for Long Term Disability benefits under the Plan. AETNA determined that she was disabled and paid her benefits from March 28, 2017 until May 29, 2019.

14. AETNA terminated CASWELL's benefits in May 2019 and CASWELL filed a timely appeal on November 15, 2019.

15. AETNA did not render a decision by the 45th day of December 30, 2019, therefore CASWELL's benefits are deemed denied.

16. AETNA claims CASWELL does not meet the definition of disability stated in the insurance policy which funds the Plan. That definition states:

> *How Does Aetna Define Disability?*
>
> *Test of Disability (GR-9N 06-010 02) From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:*
>
> ♣ *You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and*
>
> ♣ *Your earnings are 80% or less of your adjusted predisability earnings.*
>
> *After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.*
>
> Reasonable Occupation:

> This is any gainful activity:
> ♣ For which you are, or may reasonably become, fitted by education, training, or experience; and
>
> ♣ Which results in, or can be expected to result in, an income of more than 80% of your adjusted predisability earnings

17. CASWELL's various conditions are either unchanged or have progressively worsened since AETNA originally approved her claim in 2017.

18. AETNA failed to rely on CASWELL's treating doctors who have not released her back to work in any capacity.

19. CASWELL's treating physician, Garrison Christian, M.D., completed a Head Medical Source Statement on October 22, 2019 and opined the following objective restrictions and limitations:

- 6 migraines/headache per week that last for 4 to 6 hours at a time
- Each migraine/headache lasting 4 to 6 hours
- Incapable of low stress jobs
- Precluded from work activities during migraine/headache
- Requires unscheduled breaks 4 to 5 times a week
- Breaks lasting 30 minutes to 2 hours
- Must lie down during breaks
- Off-task 20% of an 8 hour work say
- Absent 4 or more times a month
- Migraines/headaches are triggered by noise, stress, strong odors, physical exertion, changes in light, and heat.
- Migraines/headaches become more severe when she continues to move around, when bright lights are in her sight, and when she is physically exhausted.

20. CASWELL's Neurologist, Jose Pizarro-Otero, M.D, reported CASWELL is unable to perform any job duties due to her MS and severe migraines on June 28, 2019. CASWELL's consistent and continuous

reporting of her migraines and its symptoms are documented through her migraine journals.

21. CASWELL underwent a vocational assessment with Joyce T. "Chelle" Courtwright, MS. MBA, CRC, CVE on November 14, 2019. Ms. Courtwright opined CASWELL is unable to perform any or all of the material and substantial duties of her own occupation. Ms. Courtwright further opined that CASEWELL's inability to maintain a work schedule, off task and frequent absences would render her unable to perform her own occupation or any occupation in the competitive labor market.

22. CASWELL is unable to meet the demands or requirements of any occupation due to the restrictions and limitations outlined by her physicians.

23. CASWELL is not able to earn 80% or more of her adjusted predisability earnings.

24. CASWELL has not been released back to work in any capacity.

25. CASWELL was deemed disabled by the Social Security Administration on October 22, 2019. CASWELL's Social Security Attorney, Byron Broun, Esq., whose services were provided to CASWELL by AETNA, provided an affidavit regarding CASWELL's approval as she has not received her Notice of Award to date. Attorney Broun's affidavit is attached as Exhibit "B".

**AETNA's failure to make a decision is a deemed denial.**

26. Upon initiation of a Long Term Disability claim, a claims administrator has 45 days with which to make a determination. 29 C.F.R. § 2560-503.1(i)(3). This period of time "shall begin at the time an appeal is filed . . . without regard to whether all the information necessary to make the benefit determination on review accompanies the filing" 29 C.F.R. § 2560-503.1(i)(4)).

27. A claims administrator may extend the period for up to 45 days, and in no event shall the extension exceed a period of 45 days. 29 C.F.R. § 2560.503-1(i)(1)(i); 29 C.F.R. § 2560.503-1(i)(3).

28. Based upon the date the appeal package was sent, November 15, 2019, the 45th day to either decide her claim or request an extension was December 30, 2019. The fax transmittal confirmations and UPS delivery reconfirmation are attached as composite Exhibit "C".

29. As of the date of filing this Complaint, January 3, 2019, AETNA still had not reached a decision on CASWELL's claim in violation of the Regulations.

30. CASWELL's claim is deemed denied by AETNA's failure to make a decision within the regulations outlined by 29 C.F.R. § 2560-503-1.

31. Under 29 C.F.R. § 2560.503-1(l), when AETNA does not follow the regulated deadlines, CASWELL's claim is deemed to have exhausted all administrative remedies.

32. CASWELL is prejudiced by AETNA's failure to make a timely decision.

33. De novo review applies to this action by virtue of AETNA's violation of 29 C.F.R § 2560.503-1.

### Standard of Review Unrelated to Untimely Claim Decision

34. The group policy was drafted in its entirety by AETNA.

35. The group policy is a contract of adhesion.

36. American Medical Response, Inc and AETNA use the group insurance policy (Exhibit A) as both the Plan document and policy language.

37. No other plan documents exist other than the group insurance policy (Exhibit A).

38. No originating plan document exists which instituted the AETNA disability plan.

39. No originating plan document or other document exists in which American Medical Response, Inc reserved any discretionary authority to itself in relation to the AETNA disability plan.

40. The employees or agents of American Medical Response, Inc and AETNA did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from American Medical Response, Inc to AETNA before purchasing the group insurance policy to fund its disability plan.

41. At the inception of its disability plan, American Medical Response, Inc did not retain to itself the authority to delegate discretionary

authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

42. At the time it purchased the group disability insurance policy from AETNA, American Medical Response, Inc did not have any discretionary authority which it could delegate to an insurance company.

43. The group disability insurance policy was drafted entirely by AETNA.

44. No document prepared by AETNA delegates any discretionary authority to American Medical Response, Inc

45. There is no mention of any delegation of discretion within the four corners of the Long Term Disability insurance policy.

46. American Medical Response, Inc was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because or one or more of the following:

    a) AETNA never had the authority to delegate discretion to American Medical Response, Inc. following the inception of its disability plan;

    b) Discretionary authority is a material concept that AETNA never discussed with American Medical Response, Inc;

    c) The group insurance policy is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

    d) If it had power to delegate discretion, AETNA did not properly delegate discretionary authority over claims decisions to American Medical Response, Inc; or

47. De novo review applies to this action.

48. To the extent that this court determines that de novo review does not apply to this action, AETNA pays claims from its own general assets as the claims decision maker and funder of the group insurance policy and American Medical Response, Inc operates under a conflict of interest.

49. AETNA is the Plan's claims administrator; handling claims under the insurance policy.

50. Any claims paid under the group insurance policy, are paid by AETNA entirely from AETNA's assets.

51. No assets of American Medical Response, Inc are used to pay claims under the group insurance policy.

## Benefits at Issue

52. CASWELL is entitled to benefits under the Plan consisting for Long Term Disability since the date of termination, May 29, 2019, through the date of filing this action, as she has met the definition of disability based upon restrictions and limitations related to his impairments.

53. Benefits under the group disability insurance policy are calculated at a rate of 60% of CASWELL's gross basic monthly earnings.

54. As of the date of filing this action, AETNA owes CASWELL a total of 8.09 monthly benefit payments for an aggregate sum of $16,568.37.

55. Plaintiff is entitled to benefits herein because:

    (a) The benefits are permitted under the Plan.

    (b) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

    (c) Plaintiff has not waived or otherwise relinquished entitlement to the benefit.

56. Each monthly benefit payment owed since May 29, 2019 is a liquidated sum and became liquidated on the date the payment was due and payable. Plaintiff seeks pre-judgment interest on each such payment.

57. Pursuant to ERISA § 502(g), 29 U.S.C. §1132(g), CASWELL is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, LORI CASWELL, asks this Court to enter judgment against the Defendant, AETNA LIFE INSURANCE COMPANY, finding that:

    (a) The Plaintiff is entitled to Long Term Disability benefits from through May 29, 2019 filing of this lawsuit; and

(b) Awarding benefits in the amount not paid to the Plaintiff from May 29, 2019 to the date of filing this lawsuit - a total of $16,568.37, together with pre-judgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid, and declare entitlement to any additional benefits owed to Plaintiff from the time of filing this Complaint to the time of Judgment in this action; and

(c) Award reasonable attorney fees and costs incurred in this action; and

(d) For such other and further relief as this Court deems just and proper, including but not limited to:

    1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

    2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

    3. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be

paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this 6th day of January , 2020 .

*William C. Demas*
WILLIAM C. DEMAS, ESQUIRE
Florida Bar # 0421920
JOHN V. TUCKER, ESQUIRE
Florida Bar # 899917
TUCKER LAW GROUP, P.A.
5235 16th Street North
St. Petersburg, Florida 33703
Tel.:   (727) 572-5000
Fax:   (727) 571-1415
tucker@tuckerlawgroup.com
demas@tuckerlawgroup.com
Attorneys and Trial Counsel for Plaintiff